

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00393-CR
## NO. 02-16-00394-CR

EX PARTE BRADLEY HAROLD
ANDREWS

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
TRIAL COURT NOS. CR-2010-06240-A, CR-2010-06241-A

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from the trial court's order dismissing Appellant Bradley Harold Andrews's second application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.09 (West 2005).

A jury convicted Andrews of two counts of assault family violence arising from the same criminal episode, and after an agreement between Andrews and the State, the trial court sentenced Andrews to 360 days' confinement in each case and ordered the sentences to run concurrently. This court dismissed

---

[1]*See* Tex. R. App. P. 47.4.

Andrews's appeals from his convictions because he waived his right to appeal as part of his punishment bargain with the State. *See Andrews v. State*, Nos. 02-12-00136-CR, 02-12-00137-CR, 2012 WL 1868736, at *1 & n.2 (Tex. App.—Fort Worth May 24, 2012, no pet.) (mem. op., not designated for publication).

This court also affirmed the trial court's denial of Andrews's first application for writ of habeas corpus. *See Ex parte Andrews*, Nos. 02-13-00139-CR, 02-13-00140-CR, 2014 WL 1257289, at *3 (Tex. App.—Fort Worth Mar. 27, 2014, no pet.) (mem. op., not designated for publication). In his first application, Andrews argued that he had received ineffective assistance of counsel at trial, that the trial court had violated his right to make bail prior to trial, and that the district attorney's office had elicited false testimony from witnesses at trial. *See id.*

In his second writ and in his appeal before this court now, Andrews argues that he was coerced into signing his punishment agreement; that his counsel was ineffective at trial by coercing him into signing the agreement; and that the trial court abused its discretion by accepting the agreement. He also alleges prosecutorial misconduct. In dismissing his second application, the trial court concluded that Andrews had "not stated in his motion that since his first application for writ of habeas corpus, important testimony has been obtained which was not in his power to produce in his previous application." *See* Tex. Code Crim. Proc. Ann. art. 11.59 (West 2011).

Article 11.59 of the Texas Code of Criminal Procedure requires that in order to obtain the writ of habeas corpus in a subsequent application, an

2

applicant must state in a motion "that since the hearing of his first motion important testimony has been obtained which . . . was not in his power to produce at the former hearing." *Id.*

Nowhere in Andrews's second application or in his appeal to this court does he make the argument that important testimony has been obtained that was not in his power to produce during his first application. Because Andrews did not meet the requirements of article 11.59, the trial court did not err by dismissing his second application for writ of habeas corpus. *Id.*; *see Easley v. State*, No. B14-9200137-CR, 1992 WL 218361, at *2 (Tex. App.—Houston [14th Dist.] Sept. 10, 1992, pet. ref'd) ("[T]he motion failed to comply with the mandatory requirements of article 11.59 of the Texas Code of Criminal Procedure."); see also *Ex parte Tavakkoli*, No. 09-14-00358-CR, 2015 WL 993654, at *3 (Tex. App.—Beaumont Mar. 4, 2015, pet. ref'd) (holding that trial court did not err by denying application based on applicant's failure to comply with article 11.59) (mem. op., not designated for publication). We affirm the trial court's judgments.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 30, 2017